Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TALYA CUNNINGHAM,<br><br>   *Plaintiff*,<br><br>   v.<br><br>SPEEDING MOVING COMPANY, LLC, MOHANAD Q. ALRUBAYE, & TALAAT F. ABDULLAH<br><br>   *Defendants*. | Civil Action No. 23-551<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

  Currently pending before the Court is Defendants' motion to vacate the entry of default. D.E. 16.  The Court reviewed the submissions made in support of and opposition to the motion[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons that follow, Defendants' motion is **GRANTED**.

 **I. BACKGROUND**

  Plaintiff entered into a contract with Defendant Speeding Moving Company, LLC ("Speeding Moving") to transport her household goods from Virginia to Colorado.  While transporting Plaintiff's items, Speeding Moving's rental truck was allegedly broken into, and Plaintiff's belongings were stolen.  Compl. ¶¶ 9-11, D.E. 1-1.  Plaintiff subsequently filed suit against Defendants Mohanad Q. Alrubaye, Talaat F. Abdullah, and their company, Speeding

---

[1] The Court refers to Defendants' certification in support of their motion, D.E. 16-1, at "Defs. Cert." and Plaintiff's opposition brief, D.E. 18, as "Plf. Opp.".

Moving, in the Superior Court of New Jersey, asserting multiple state-law based claims. D.E. 1-1. Defendants removed the matter to this Court because Plaintiff's claims were allegedly preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101 *et seq.*, then moved to dismiss the Complaint. D.E. 2. Plaintiff filed a motion to remand. D.E. 4. Plaintiff ultimately filed an Amended Complaint, with the Court's leave, asserting a federal claim under the Carmack Amendment, 49 U.S.C. § 14706(a)(1), and a claim seeking to pierce the corporate veil. D.E. 14. Defendants failed to respond to the Amended Complaint. Consequently, the Clerk of the Court entered default as to all Defendants on April 25, 2023. The same day, Defendants moved to vacate the entry of default due to their attorney's neglect. Defs. Cert. ¶ 4. Plaintiff opposes Defendants' motion. D.E. 18.

## II.     ANALYSIS

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Although courts have discretion on whether to set aside an entry of default, the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). When exercising its discretion as to a motion to set aside an entry of default, a district court must consider four factors: (1) whether there will be prejudice to the plaintiff, (2) whether there is a meritorious defense, (3) whether the defendant's culpable conduct caused the default, and (4) the effectiveness of alternative sanctions. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citing *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419-20 (3d Cir. 1987)).

Mindful of the Third Circuit's preference that cases be disposed of on the merits, the Court proceeds to apply the factors. First, Plaintiff argues that she will be prejudiced by continued, needless litigation if the Court grants the motion to vacate default.

Among other things, Plaintiff contends that she will be forced to incur additional attorney's fees to collect a judgment. Plf. Opp. at 2-3. However, delay in litigating a claim rarely serves to establish the degree of prejudice necessary to justify a court's denial of a motion to vacate default. *See, e.g.*, *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982) (concluding that delay in satisfaction of judgment is not a significant prejudice); *Wong v. Cortislim*, No. 13-cv-4524, 2015 WL 3866225, at *2 (D.N.J. June 23, 2015) (explaining that further expenditure of resources from continue litigation is not a significant prejudice). Thus, Plaintiff fails to identify any substantial prejudice that would result from vacating the default.

The second element is whether Defendants have a *prima facie* meritorious defense. *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). A meritorious defense exists when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). A defendant "'does not have to show that [he] will prevail at trial; rather, all [he] must show is that, on its face, [his] defense is *litigable*.'" *Beauty Plus Trading Co. v. Bee Sales Co.*, No. 15-8502, 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (emphasis in original) (quoting *Glashofer v. N.J. Mfrs. Ins. Co.*, No. 15-3601, 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016)). Defendants appear to take issue with Plaintiff's alleged monetary loss. Defendants seem to assert that they are liable only for a small portion of Plaintiff's alleged damages. *See* Defs. Cert., Ex. A. While Defendants' purported defense would not completely absolve them of liability, Defendants appear to have a litigable partial defense. Accordingly, this factor is neutral. *See, e.g.*, *DirecTV, LLC v. Alvarez*, No. 15-6827, 2017 WL 4284526, at *2 (D.N.J. Sept. 27, 2017) ('Here, we find that Defendant has only tendered a partial defense going only to damages and not a complete defense rendering this factor neutral.").

Next, a court must consider whether a defendant's culpable conduct caused the default. *Gross*, 700 F.2d at 122. In this context, culpable conduct means "actions taken willfully or in bad faith." *Feliciano*, 691 F.2d at 657; *see also Gross*, 700 F.2d at 124 ("[T]he entry of a default judgment for marginal failure to comply with the time requirements imposed by the Rules . . . must be distinguished from dismissals or other sanctions imposed by the district courts for willful violation of court rules and orders, contumacious conduct or intentional delay."). Here, there is no evidence that Defendants acted willfully or in bad faith. Rather, Defendants' failure to respond to the Amended Complaint apparently stems from defense counsel's negligence. Defs. Cert. ¶ 4. In addition, Defendants' attorney filed the instant motion the same day that the Clerk entered default. Because there is no willfulness or bad faith, this factor weighs towards vacatur. *See, e.g.*, *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr., Inc.*, No. 15-cv-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) (granting motion to vacate entry of default where defendants' attorney forgot to answer the complaint because he was on trial because counsel's actions "bespeaks negligence, but not willfulness").

Finally, courts must consider the effectiveness of alternative sanctions. *Gross*, 700 F.2d at 122. The Third Circuit instructs that "[w]ithout a doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). "[D]efaults are drastic sanctions, termed 'extreme' by the Supreme Court[.]" *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). Plaintiff does not identify an alternative sanction, or even argue that an alternative sanction is necessary. Thus, the Court finds vacatur is appropriate and that no alternative sanction is necessary. Therefore, there is good cause to vacate the Clerk's entry of default.

### III.   CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 29th day of June, 2023,

**ORDERED** that Defendants' motion to vacate the Clerk's entry of default, D.E. 16, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court's entry of default against all Defendants is hereby **VACATED**; and it is further

**ORDERED** that Defendants shall file an answer to the Amended Complaint, D.E. 14, or otherwise move within fourteen (14) days of this Order.

_____
John Michael Vazquez, U.S.D.J.