**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TALYA CUNNINGHAM,

*Plaintiff*,

v.

SPEEDING MOVING COMPANY, LLC, MOHANAD Q. ALRUBAYE, & TALAAT F. ABDULLAH

*Defendants*.

Civil Action No. 23-551

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Defendants' motion to dismiss the First Amended Complaint. D.E. 21. Plaintiff filed a response to the motion. D.E. 23. The Court reviewed the submissions made in support of and opposition to the motion[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is **DENIED**.

## I. BACKGROUND

Plaintiff entered into a contract with Defendant Speeding Moving Company, LLC ("Speeding Moving") to transport her household goods from Virginia to Colorado.[2] FAC ¶ 6.

[1] The Court refers to Defendants' brief in support of their motion, D.E. 21-1, at "Defs. Br." and Plaintiff's response, D.E. 18, as "Plf. Opp.".

[2] The Court takes the factual background from Plaintiff's First Amended Complaint (the "FAC"). D.E. 14. When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure

Speeding Moving accepted the job through a website that "connects movers to customers requesting a quote for interstate moving." *Id.* ¶ 7. Plaintiff was initially quoted $2,185.77 as the total price for the move. *Id.* ¶ 8. In addition, Defendants represented to Plaintiff that "there was liability insurance . . . to protect [her] belongings." *Id.* ¶ 13.

Plaintiff alleges that when the move occurred, she was forced to pay thousands of dollars more than the initial quote. *Id.* ¶ 24. In addition, while transporting Plaintiff's items, Speeding Moving's rental truck was allegedly broken into, and Plaintiff's belongings were stolen. *Id.* ¶ 10. Plaintiff explains that the truck was recovered but empty. *Id.* ¶ 11. The contract references a procedure to file a claim if a customer's belongings are lost or stolen. Plaintiff followed the outlined procedures when she was informed of the incident. *Id.* ¶¶ 14-15. Plaintiff, however, has been unable to recoup any money or belongings from Defendants. *Id.* ¶ 16.

Plaintiff subsequently filed suit against Defendants Mohanad Q. Alrubaye; Talaat F. Abdullah (the "Individual Defendants"); and their company, Speeding Moving, in the Superior Court of New Jersey, asserting multiple state law claims. D.E. 1-1. Defendants removed the matter to this Court because Plaintiff's claims were allegedly preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 10101 *et seq*., then moved to dismiss the Complaint. D.E. 2. Plaintiff filed a motion to remand. D.E. 4. Plaintiff ultimately filed the FAC, with the Court's leave, asserting a claim under the Carmack Amendment, 49 U.S.C. § 14706(a)(1), and a claim seeking to pierce the corporate veil. D.E. 14. Defendants failed to respond to the FAC. Consequently, the Clerk of the Court entered default as to all Defendants on April 25, 2023. The same day, Defendants moved to vacate the entry of default. D.E. 16. The

---

12(b)(6), the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Court granted Defendants' motion, vacating the Clerk of the Court's entry of default and ordering Defendants to answer the FAC "or otherwise move with fourteen (14) days." D.E. 20. Defendants subsequently filed the instant motion, seeking to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6).[3] D.E. 21.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

---

[3] Plaintiff maintains that Defendants' motion was not filed within twenty-one days of the FAC. Plaintiff, therefore, continues, that Defendants' motion must be denied as untimely. Plf. Opp. ¶¶ 1-2. Federal Rule of Civil Procedure 15(a)(3) provides that "*[u]nless the court orders otherwise*, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, which ever is later." Fed. R. Civ. P. 15(a)(3) (emphasis added). Here, the Court explicitly provided Defendants with fourteen days to respond after the entry of default was vacated. D.E. 20 at 5. Defendants filed the instant motion the same day. D.E. 21. Consequently, Defendants' motion is timely.

## III. ANALYSIS

Defendants devote most of their brief arguing that Plaintiff's state law consumer fraud and property damage claims must be dismissed. Def. Br. at 8-17. But Plaintiff does not assert any such claims in the FAC. Again, Plaintiff asserts a claim under the Carmack Amendment, 49 U.S.C. § 14706(a)(1), and a claim seeking to pierce the corporate veil. Therefore, Defendants' motion is denied on these grounds.

Next, Defendants seek to dismiss the FAC as to the Individual Defendants, to the extent Plaintiff's claims are asserted against them in their personal capacity, based on their conduct as alleged principals of Speeding Moving. Defs. Br. at 17. Defendants maintain that such claims are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1). FAAAA preemption is broad and encompasses "any state actions that have 'a connection with, or make reference to . . . rates, routes, or services' of a motor carrier." *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 819 (3d Cir. 2019) (quoting *Nw., Inc. v. Ginsberg*, 572 U.S. 273, 280-81 (2014)). Accordingly, many state law tort claims against motor carriers like Speeding Moving are preempted by the FAAAA. *See, e.g.*, *Traction Tire, LLC v. Total Quality Logistics, LLC*, No. 19-5150, 2020 WL 6044179, at *6-8 (E.D. Pa. Oct. 13, 2020) (discussing preemption under the FAAAA).

Here, Plaintiff does not assert tort claims against the Individual Defendants. Again, Plaintiff seeks to pierce the corporate veil and hold these Defendants liable because of Defendants' failure to adhere to corporate formalities. FAC ¶¶ 26-27. But piercing the corporate veil is not an independent source of liability. Rather, it "is an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation." *Trs. of Nat'l Elevator Indus. Pension, Health*

*Benefits & Educ. Funds v. Lutyk*, 332 F.3d 188, 182 (3d Cir. 2003). Consequently, Plaintiff's claims against Alrubaye and Abdullah are not preempted by the FAAAA.

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

IT IS on this 16th day of August, 2023,

**ORDERED** that Defendants' motion to dismiss (D.E. 21) is **DENIED**.

John Michael Vazquez, U.S.D.J.